FILED

AUG 2 0 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1   ERIC WITHERSPOON
2   3200 Shattuck Avenue, #3
    Berkeley, CA 94705
3   Telephone: (510) 915-2273

E-filing

4   *Plaintiff in propria persona*

5

6                   **UNITED STATES DISTRICT COURT**

7                   **NORTHERN DISTRICT OF CALIFORNIA**

8                            **Oakland Division**

9
    ERIC WITHERSPOON, professionally known as
10  DORIAN MOOR, an individual,

                                              C10-03722   CW   ADR

11                Plaintiff,                   Case No.:

12            vs.                             **COMPLAINT FOR:**

13  CARLA GREEN, an individual; KARRYL SMITH,     **(1) COPYRIGHT INFRINGEMENT;**
    an individual; CARLA GREEN and KARRYL
14  SMITH, professionally known as THE            **(2) ACCOUNTING;**
    CONSCIOUS DAUGHTERS; OSCAR JEROME
15  JACKSON, JR., professionally known as PARIS, an  **(3) DECLARATORY RELIEF;**
    individual; GUERRILLA FUNK RECORDINGS
16  AND FILMWORKS, LLC, a California limited       **(4) INJUNCTIVE RELIEF;**
    liability company; FONTANA DISTRIBUTION,
17  LLC, a Delaware limited liability company;    **(5) FRAUD;**
    STEVEN ANDERSON also known as STEVEN
18  KING, an individual; and DOES 1 through 200,  **(6) BREACH OF IMPLIED
    inclusive,                                        CONTRACT; AND**
19
                  Defendants.                   **(7) VIOLATION OF CAL. BUS. &
20                                                    PROF. CODE § 17200**

21                                             **DEMAND FOR JURY TRIAL**

22          COMES NOW, plaintiff ERIC WITHERSPOON, professionally known as DORIAN MOOR, an

23  individual ("Witherspoon" or "Plaintiff"), and for his complaint against defendants CARLA GREEN, an

24  individual ("Green"); KARRYL SMITH, an individual ("Smith"); CARLA GREEN and KARRYL

25  SMITH, professionally known as THE CONSCIOUS DAUGHTERS (the "Conscious Daughters");

26  OSCAR JEROME JACKSON, JR., professionally known as PARIS, an individual ("Paris");

27  GUERRILLA FUNK RECORDINGS AND FILMWORKS, LLC, a California limited liability

28  company ("Guerrilla Funk"); FONTANA DISTRIBUTION, LLC, a Delaware limited liability company

("Fontana"); STEVEN ANDERSON also known as STEVEN KING, an individual ("King"); and DOES 1 through 200, inclusive, (collectively "Defendants"), alleges as follows:

## I.   JURISDICTION AND VENUE.

1.   This Court has jurisdiction over this matter.  This action arises under the copyright laws of the United States, 17 United States Code sections 101 *et seq.*, and under federal common law. Jurisdiction is conferred upon this Court by 28 United States Code section 1331 and 1338.

2.   Venue is proper in this district pursuant to 28 United States Code sections 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Defendants solicit and do business in this District; Defendants' unlawful activities, as alleged herein, were committed, or had a substantial impact, in the Northern District of California, where Plaintiff resides and does business; and one or more Defendant(s) or its/their agent(s) resides or may be found in this District.

3.   This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privilege of acting or causing consequences in the Northern District of California.  The infringement arises from Defendants' activities in the Northern District of California and the acts and the consequences caused by Defendants have a connection with the Northern District of California substantial enough to make the exercise of jurisdiction over them reasonable.

## II.   THE PARTIES.

### A.   PLAINTIFF.

4.   Plaintiff Eric Witherspoon, professionally known as Dorian Moor ("Witherspoon" or "Plaintiff"), is an individual, a resident of Berkeley, California and a citizen of the State of California.

### B.   DEFENDANTS.

5.   Plaintiff is informed and believes and, on that basis, alleges that defendant Carla Green ("Green") is an individual, a resident of Hercules, California and a citizen of the State of California. Green comprises one-half of the core membership of the musical group professionally known as The Conscious Daughters.

6.   Plaintiff is informed and believes and, on that basis, alleges that defendant Karryl Smith ("Smith") is an individual, a resident of El Cerrito, California and a citizen of the State of California.

Smith comprises one-half of the core membership of the musical group professionally known as The Conscious Daughters.

7.     Plaintiff is informed and believes and, on that basis, alleges that defendant Oscar Jerome Jackson, Jr., professionally known as Paris ("Paris"), is an individual, a resident of Danville, California and a citizen of the State of California.

8.     Plaintiff is informed and believes and, on that basis, alleges that defendant Guerrilla Funk Recordings and Filmworks, LLC ("Guerrilla Funk") is a California limited liability company with its primary place of business located at 9000 Crow Canyon Road, Suite #S-130, Danville, California 94506 and a mailing address of P.O. Box 2317, Danville, California 94526.  Plaintiff is informed and believes and, on that basis, alleges that Guerrilla Funk is a record label engaged in the business of recording and producing musical works by a variety of artists, including without limitation The Conscious Daughters.

9.     Plaintiff is informed and believes and, on that basis, alleges that defendant Fontana Distribution, LLC ("Fontana") is a Delaware limited liability company with its headquarters and principal place of business located in 10 Universal City Plaza, Universal City, CA 91608.  Plaintiff is informed and believes and, on that basis, alleges that Fontana is the manufacturer and distributor for Guerrilla Funk.

10.     Plaintiff is informed and believes and, on that basis, alleges that defendant Steven Anderson also known as Steven King ("King"), is an individual, a resident of Oakland, California and a citizen of the State of California.

11.     Plaintiff is informed and believes and, on that basis, alleges that various persons and entities, whose names are presently unknown to Plaintiff, participated in and are liable for the wrongful acts set forth herein.  Those persons and entities are named herein as DOES 1 through 200, inclusive.  Plaintiff will seek leave of court to amend this Complaint to add such persons and entities as defendants and to allege the exact nature of their wrongful conduct when such information has been ascertained.  Plaintiff is informed and believes and, on that basis, alleged that such unknown persons and entities have engaged in the acts constituting the copyright infringement and other wrongful acts alleged herein.

12.     Plaintiff is informed and believes and, on that basis, alleges that, in connection with the acts set forth herein, each of the Defendants acted willingly, intentionally, and knowingly, both for

COMPLAINT

himself, herself, or itself, and in concert with certain other Defendants, and that certain of the Defendants acted as an agents for each other Defendants, and were at all times acting within the course and scope of such agency, with the consent, authorization and/or ratification of the other Defendants, and in furtherance of a common scheme to infringe the copyrights and other valuable rights of Plaintiff.

13.     Plaintiff is informed and believes and thereon alleges that Defendants Guerrilla Funk and Paris, and an as yet undetermined number of the other Defendants and Doe Defendants, and each of them, wholly own and control each other; that the said individual Defendants are the sole stockholders, officers, and directors of Guerrilla Funk; that Guerrilla Funk is so controlled by the said individual Defendants that the monies of Guerrilla Funk and of the individual Defendants are commingled and intermingled; that there is a unity of ownership and interest between them; that the credit of one is used for the credit of the other; that the obligations of the individual Defendants are paid by the business entity; that the business entity was formed and capitalized for a sum of money insufficient to meet its reasonable requirements; that, as a result of the foregoing, Guerrilla Funk is the instrumentality, conduit, adjunct and alter ego of the individual Defendants so as to make Guerrilla Funk the instrumentality, conduit, adjunct and alter ego of the individual Defendants; that the individual Defendants have managed and controlled Guerrilla Funk to avoid personal liability and to defraud creditors; and that, unless the fiction of the separateness of the individual Defendants from Guerrilla Funk and from each other is ignored, great injustice will result and fraud will be sanctioned, all to the irreparable damage and injury of Plaintiff, and unless judgment in this action includes said individual Defendants and Guerrilla Funk, Plaintiff will be unable to recover and enforce the claims and rights hereinafter referred to.

## III.   **PLAINTIFF'S EXCLUSIVE RIGHTS.**

14.     Witherspoon is the author and original copyright owner of the music and lyrics to the chorus of a musical composition entitled "Issues." The music and lyrics to the chorus of "Issues" was registered with the United States Copyright Office, as part of the work entitled "Spooning II" (the "Work"), as Registration Number SRu 906-050. The effective date of the Work's registration was February 1, 2008. A true and correct copy of the United States Copyright Office registration certificate for the Work (with Plaintiff's home address redacted) is attached hereto as Exhibit "A" and incorporated herein by this reference.

## IV.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS.

15.    The Conscious Daughters are or, at the times relevant herein, were a female rap duo from Oakland, California.  The members of The Conscious Daughters are or, at the times relevant herein, were defendants Green and Smith.

16.    Witherspoon is an accomplished professional actor, singer, songwriter, musician, lyricist and performer.  In those capacities, Witherspoon provides his professional services only for compensation.  In some instances, Witherspoon provides his professional services on the condition that, if his performances or musical, lyrical or other contributions to a work are used, he will be compensated on the date of the commercial release of the work to the general public, and the commercial release triggers the obligation to pay Witherspoon.  However, Witherspoon does not provide his professional services gratuitously.

17.    On or about August 21, 2006, Witherspoon was approached by defendant Steven Anderson a.k.a. Steven King ("King"), a music producer, at Adeline Studios in Oakland, California. King told Witherspoon that King was working on a track for The Conscious Daughters and requested, on behalf of The Conscious Daughters, that Witherspoon write a lyrical and musical "hook" for the track and that Witherspoon perform on the track.  King was aware that Witherspoon provided services only for compensation, whether unconditionally or conditionally, and the promise of compensation for services rendered was implicit in King's request.

18.    Witherspoon agreed to King's request on the condition that Witherspoon be compensated for services rendered after his contribution was used.  Witherspoon composed the requested lyrics and music.  The "hook" was the above-referenced music and lyrics to the chorus of "Issues" registered with the United States Copyright Office.

19.    King then arranged for Witherspoon to record a vocal track for "Issues" at defendant Green's home.  Following the recording, Green stated that a songwriter agreement would be forthcoming.

20.    In an email dated August 28, 2006, Green stated to Witherspoon in writing that she would "break you off something" for the services provided by Witherspoon.  Witherspoon understood this as confirmation that Witherspoon would be compensated for his services upon the commercial

release of "Issues."

21.    In an email dated February 19, 2007, Green stated to Witherspoon that Green was "sure Issues is going to make" the album to be released by The Conscious Daughters and that Witherspoon would be compensated for his services at the time "Issues" was commercially released.

22.    On or about February 1, 2008, the Work was registered with the United States Copyright Office, as alleged above.

23.    On or about February 10, 2009, a new album by The Conscious Daughters, "The Nutcracker Suite," (the "Album") was commercially released.  A true and correct copy of the packaging of the Album is attached hereto as Exhibit "B".  "Issues" – including Witherspoon's vocal, musical and lyrical contribution – appears as the ninth track on the Album.  Plaintiff is informed and believes and, on that basis, alleges that defendant Fontana manufactures and distributes the Album.

24.    In or about mid-2009, Witherspoon discovered that the Album had been released.  Witherspoon also discovered that the Album does not credit Witherspoon for his vocal, musical or lyrical contribution to "Issues."  Further, as of the filing of this Complaint, and in direct contravention of defendant King's implied promise and defendant Green's representations, Witherspoon has not been compensated for his vocal, musical and lyrical contribution to "Issues."

25.    In an email dated March 11, 2009, Witherspoon advised Green that Witherspoon had not received compensation or credit for his vocal, musical or lyrical contribution to "Issues" and that the publication and distribution of "Issues" constituted an infringement of Witherspoon's copyrights and other rights.  Green did not respond.

26.    Witherspoon then visited the website of the American Society of Composers, Authors and Publishers ("ASCAP").  ASCAP licenses the right to perform songs and musical works created and owned by songwriters, composers, lyricists and music publishers such as Witherspoon.  The fees collected by ASCAP are distributed as royalties, after deducting ASCAP's operating expenses, to the ASCAP member listed with ASCAP for a particular work.  Witherspoon is an ASCAP member.

27.    "Issues" is listed on the ASCAP website as Work ID # 393636458 and ISWC # T9017186582.  The publisher/administrator is listed as Guerrilla Funk Music c/o Oscar J. Jackson, Jr., P.O. Box 2317, Danville, California 94526, Telephone (925) 997-5773, Email gat_turner@hotmail.com.

The performer is listed as The Conscious Daughters. The writer is listed as Oscar Jerome Jackson. Plaintiff is informed and believes and, on that basis, alleges that the email address "gat_turner@hotmail.com" belongs to defendant Paris.

28. Plaintiff is informed and believes and, on that basis, alleges that defendant Paris provided the above information to ASCAP. That information is false, deceptive and incomplete, since it does not list Witherspoon either as a performer, or co-performer, or as a writer, or co-writer, of "Issues."

29. Since Witherspoon is not listed with ASCAP either as a performer, or co-performer, or as a writer, or co-writer, of "Issues," Witherspoon does not receive royalties from ASCAP for his vocal, musical and lyrical contribution to "Issues."

30. Witherspoon never gave permission or consent to Defendants, or any of them, for the use of his copyrights or other rights in and to his vocal, musical and lyrical contribution to "Issues." To the extent that Defendants, or any of them, aver or otherwise claim that Witherspoon granted Defendants, or any of them, an implied license to use the lyrics or the lyrical melody to the chorus of "Issues," of which Witherspoon is the author and registered copyright owner, or an implied license to use Witherspoon's vocal performance thereof, such license is hereby revoked by the filing of this Complaint.

## V.   ATTORNEYS' FEES.

31. By reason of the wrongful acts of Defendants, Witherspoon has been forced to retain counsel to prosecute the present action. As a result, Plaintiff will incur attorneys' fees and litigation costs in an amount yet to be fully ascertained, but which are reasonably expected to exceed two hundred thousand dollars ($200,000.00). Plaintiff will seek to amend this complaint to set forth the full amount upon ascertainment of same. The said attorneys' fees are recoverable as part of the full costs recoverable under 17 United States Code section 505.

## VI.   CLAIMS FOR RELIEF.

### First Claim for Relief

### Copyright Infringement

### (Against Defendants Green, Smith, Paris, Guerrilla Funk and Fontana)

32. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

7

33.     Defendants Green, Smith, Paris, Guerrilla Funk and Fontana have infringed Plaintiff's copyrights in and to the Work and, in particular, to Plaintiff's vocal, musical and lyrical contribution to "Issues," by, *inter alia,* recording (as to defendants Green and Smith), publishing (as to defendants Paris and Guerrilla Funk) and manufacturing and distributing (as to defendant Fontana) the Album, including the ninth track, "Issues," without Plaintiff's permission or consent.  Plaintiff has not given permission or consent to the publication, distribution or other use of the Work, including "Issues."

34.     All of the foregoing acts of defendants Green, Smith, Paris, Guerrilla Funk and Fontana were and are intentional and without the authority of the copyright owner of the Work, including "Issues."

35.     By reason of the foregoing, Plaintiff has sustained, and will continue to sustain, substantial and irreparable injury, loss and damage to his copyrights and other ownership rights in the Work, including "Issues."

36.     Plaintiff has also sustained, and will continue to sustain, substantial damage to the value of the Work, including "Issues," in that the wrongful acts of defendants Green, Smith, Paris, Guerrilla Funk and Fontana have diminished, and continue to diminish, the revenues which Plaintiff would otherwise receive from the reproduction, manufacturing, advertising, distribution, sale, rental, and other exploitation of the Work, including "Issues."

37.     In acting as alleged above, Plaintiff is informed and believes and, on that basis, alleges that defendants Green, Smith, Paris, Guerrilla Funk and Fontana acted willfully, oppressively, fraudulently and maliciously, and with a conscious disregard of the rights of Witherspoon and, accordingly, Witherspoon is entitled to recovery of punitive damages in an amount to be determined by the trier of fact..

38.     As the direct and proximate result of the wrongful acts of defendants Green, Smith, Paris, Guerrilla Funk and Fontana, Plaintiff has suffered actual damages in an amount to be proven at trial, but which is presently believed to exceed one hundred thousand dollars ($100,000.00); alternatively, Plaintiff reserves the right to seek statutory damages of up to thirty thousand dollars ($30,000.00) for each infringement of Plaintiff's copyright or up to one hundred and fifty thousand dollars ($150,000.00) for each willful infringement of Plaintiff's copyright.  Plaintiff will seek leave of Court to amend this

Complaint when the full nature and extent of such monetary damages are ascertained.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## Second Claim for Relief

## Accounting

## (Against Defendants Green, Smith, Paris, Guerrilla Funk and Fontana)

39.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein

40.    Defendants Green, Smith, Paris, Guerrilla Funk and Fontana have sold, and received payment for, the Album, including "Issues," the ninth track thereon, throughout the United States. Plaintiff is informed and believes and, on that basis, alleges that defendants Green, Smith, Paris, Guerrilla Funk and Fontana have realized a profit from these sales.  However, defendants Green, Smith, Paris, Guerrilla Funk and Fontana have not paid Plaintiff's share of the profit.

41.    The exact nature and extent of the sales, expenses, and inventory relating to the Album is unknown to Plaintiff and cannot be determined without an accounting of the transactions thereof.

42.    Plaintiff has demanded that defendants Green, Smith, Paris, Guerrilla Funk and Fontana account for the sales of the Album and pay Plaintiff his share of the profits realized from the sales. Plaintiff, as the owner of the copyright and other rights in the Work, including without limitation "Issues," is entitled to such accounting.  Defendants Green, Smith, Paris, Guerrilla Funk and Fontana have failed and refused, and continue to fail and refuse, to render such an accounting and pay such profits.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## Third Claim for Relief

## Declaratory Relief

## (Against All Defendants)

43.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein

44.    A dispute has arisen between Plaintiff and Defendants about the parties' respective rights with respect to the Album and, in particular, with respect to Plaintiff's compensation for his vocal,

musical and lyrical contribution to "Issues." Plaintiff contends and, on information and belief, Defendants dispute, that Plaintiff's vocal, musical and lyrical contribution to "Issues" was for compensation and that Plaintiff has not been compensated for the said contribution. Plaintiff further contends and, on information and belief, Defendants dispute, that the use of Plaintiff's vocal, musical and lyrical contribution to "Issues" on the Album constitutes infringement of Plaintiff's copyrights and other rights.

45.     An actual controversy exists between the parties regarding the foregoing contentions and dispute thereof.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### Fourth Claim for Relief

### Injunctive Relief

### (Against Defendants Green, Smith, Paris, Guerrilla Funk and Fontana)

46.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

47.     Defendants Green, Smith, Paris, Guerrilla Funk and Fontana have recorded, published, manufactured, marketed, sold, distributed and made other commercial use of the Album, including without limitation the ninth track, "Issues." Such use was and is without the consent or authorization of Plaintiff.

48.     The continued publication, manufacture, marketing, sale, distribution or other commercial use of the Album, including without limitation the ninth track, "Issues," has caused, and will continued to cause, irreparable harm to the copyrights and other rights of Plaintiff, for which there is no adequate remedy at law, unless defendants Green, Smith, Paris, Guerrilla Funk and Fontana are enjoined from so doing by this Court.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### Fifth Claim for Relief

### Fraud

### (Against Defendants Green and King)

49.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in

this Complaint as if set forth verbatim herein.

50.     In order to induce Witherspoon to contribute lyrics, music and vocal performance to "Issues," as alleged herein, King and Green represented to Witherspoon that Witherspoon would be compensated at the time of the commercial release of "Issues."

51.     King's representation that Witherspoon would be compensated was implied, since King was aware that Witherspoon provided his professional services only for compensation.

52.     Green's representations were in writing, including without limitation by the emails dated August 28, 2006 and February 19, 2007 alleged herein.

53.     King and Green knew that Witherspoon would rely on the foregoing representations.

54.     At the time King and Green made the foregoing representations to Witherspoon, King and Green had no intention of adhering to the representations, and the representations were false and fraudulent.

55.     Witherspoon, at the time the said representations were made, was ignorant of King's and Green's secret intention not to perform and could not, in the exercise of reasonable diligence, have discovered King's and Green's secret intention.

56.     In reliance on the foregoing representations, Witherspoon contributed lyrics, music and vocal performance to "Issues."

57.     Witherspoon did not discover that the representations made by King and Green were false until in or about mid-2009, when Witherspoon discovered that the Album had been released; that the Album does not credit Witherspoon for his vocal, musical or lyrical contribution to "Issues"; that Witherspoon had not been compensated for his vocal, musical and lyrical contribution to "Issues"; that the performer of "Issues" listed with ASCAP is The Conscious Daughters; and that the writer of "Issues" listed with ASCAP is Oscar Jerome Jackson.

58.     In acting as alleged above, that defendants King and Green acted willfully, oppressively, fraudulently and maliciously, and with a conscious disregard of the rights of Witherspoon and, accordingly, Witherspoon is entitled to recovery of punitive damages in an amount to be determined by the trier of fact.

59.     As the direct and proximate result of the wrongful acts of defendants King and Green,

Plaintiff has suffered actual damages in an amount to be proven at trial, but which is presently believed to exceed one hundred thousand dollars ($100,000.00). Plaintiff will seek leave of Court to amend this Complaint when the full nature and extent of such monetary damages are ascertained.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## Sixth Claim for Relief

## Breach of Implied Contract

## (Against All Defendants)

60.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

61.     As an alternative theory of recovery, Plaintiff seeks damages on an equitable claim of implied contact.

62.     As alleged herein, at the instance and request of defendant King, and in reliance on the representations and promises of defendants King and Green, Plaintiff contributed lyrics, music and vocal performance to "Issues" on the condition, which was fully and clearly understood by the Defendants, that Plaintiff would be compensated for use by Defendants of Plaintiff's lyrics, music and vocal performance when and if Defendants used it in a commercial release. On information and belief, Defendants Paris and Guerrilla Funk were aware of Witherspoon's contribution to "Issues," and of the promise of compensation therefor, at or about the time the contribution was made. Accordingly, an implied contract, within the meaning of California Civil Code section 1621, arose between Plaintiff and Defendants.

63.     Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the implied contract.

64.     Defendants have failed and refused, and continue to fail and refuse, to perform their obligations under the implied contract, namely, by failing and refusing to compensate and credit Plaintiff for Plaintiff's contribution of lyrics, music and vocal performance to "Issues."

65.     As the direct and proximate result of the wrongful acts of Defendants, Plaintiff has suffered actual damages in an amount to be proven at trial, but which is presently believed to exceed one hundred thousand dollars ($100,000.00). Plaintiff will seek leave of Court to amend this Complaint

12

when the full nature and extent of such monetary damages are ascertained.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### Seventh Claim for Relief

### Violation of Cal. Bus. & Prof. Code § 17200

### (Against Paris)

66.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

67.     "Issues" is listed on the ASCAP website as Work ID # 393636458 and ISWC # T9017186582. The publisher/administrator is listed as Guerrilla Funk Music c/o Oscar J. Jackson, Jr., P.O. Box 2317, Danville, California 94526, Telephone (925) 997-5773, Email gat_turner@hotmail.com. The performer is listed as The Conscious Daughters. The writer is listed as Oscar Jerome Jackson.

68.     Plaintiff is informed and believes and, on that basis, alleges that defendant Paris provided the above information to ASCAP. That information is false, deceptive and incomplete, since it does not list Witherspoon either as a performer, or co-performer, or as a writer, or co-writer, of "Issues."

69.     Since Witherspoon is not listed with ASCAP either as a performer, or co-performer, or as a writer, or co-writer, of "Issues," Witherspoon does not receive royalties from ASCAP for his vocal, musical and lyrical contribution to "Issues."

70.     Defendant Paris has failed and refused, and continues to fail and refuse, to compensate and credit Plaintiff for Plaintiff's contribution of lyrics, music and vocal performance to "Issues." Moreover, on information and belief, defendant Paris has received Witherspoon's portion of royalties as the writer of "Issues."

71.     The above-alleged acts of defendant Paris constitute unlawful, unfair or fraudulent business acts or practices under California Business & Professions Code section 17200.

72.     As the direct and proximate result of the wrongful acts of defendant Paris, and pursuant to California Business & Professions Code section 17203, Plaintiff is entitled to have restored to him any property acquired by means of defendant Paris' unfair business acts, including restitution and disgorgement of profits, *see Bronco Wine Co. v. Frank A. Logoluso Farms* (1989) 214 Cal. App. 3d 699, 704, 721, which, on information and belief, exceed one hundred thousand dollars ($100,000.00).

Plaintiff will seek leave of Court to amend this Complaint when the full nature and extent of such monetary damages are ascertained.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## VII.  PRAYER FOR RELIEF.

**WHEREFORE**, Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1.      For Plaintiff's actual damages in the amount of one hundred thousand dollars ($100,000) or more, according to proof, or, alternatively, for statutory damages of up to thirty thousand dollars ($30,000.00) for each infringement of Plaintiff's copyright.  If the Court finds that any infringement was committed willfully, Plaintiff prays for statutory damages up to one hundred and fifty thousand dollars ($150,000.00) for each willful infringement of Plaintiff's copyright;

2.      For punitive and exemplary damages in an amount to be determined by the trier of fact;

3.      For attorneys' fees and litigation costs in an amount yet to be fully ascertained, but which are reasonably expected to exceed two hundred thousand dollars ($200,000.00);

4.      For such other and further relief as the Court may deem proper in the premises.

On the Second Claim for Relief:

1.      For a Court order requiring Defendants to account to Plaintiff for Defendants' business affairs with respect to the Album such that the parties and the Court may assess the extent to which Plaintiff has been harmed by the unlawful conduct alleged herein and the extent to which Defendants have benefited from the unlawful conduct alleged herein;

On the Third Claim for Relief:

1.      For a judicial declaration that Plaintiff's vocal, musical and lyrical contribution to "Issues" was for compensation and that Plaintiff has not been compensated for the said contribution;

2.      For a judicial declaration that the use of Plaintiff's vocal, musical and lyrical contribution to "Issues" on the Album constitutes infringement of Plaintiff's copyrights and other rights;

On the Fourth Claim for Relief:

1.      That Defendants, and each of them, be temporarily, preliminarily and permanently enjoined from:

    a.     Making, manufacturing, publishing, performing, copying, marketing, distributing, selling, offering for sale, renting, leasing, making commercial or other use and/or otherwise trafficking in any manner, including without limitation through the internet ("Trafficking"), in the Album;

    b.     Infringing, contributing to infringement, or participating in the infringement by others, of any of Plaintiff's copyrights or other rights in and to "Issues" in any manner, and from acting in concert with or aiding or abetting others to infringe any of the said copyrights or other rights;

    c.     Otherwise engaging in any other activity related to the infringement of Plaintiff's copyrights and other rights in and to "Issues" in any manner likely to cause others to falsely believe that Defendants' Trafficking is authorized, approved by, consented to or licensed by Plaintiff;

    d.     Offering to do any of the acts enjoined in subparagraphs a. through c. above;

    e.     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the subparagraphs a. though d. above;

On the Fifth Claim for Relief:

1.    For damages in the amount of one hundred thousand dollars ($100,000.00) or more, according to proof;

2.    For pre-judgment interest at the legal rate;

3.    For costs, expenses and attorneys' fees;

4.    For punitive and exemplary damages in an amount to be determined by the trier of fact; and

5.    For such other and further relief as the Court may deem proper in the premises.

On the Sixth Claim for Relief:

1.    For damages in the amount of one hundred thousand dollars ($100,000.00) or more, according to proof;

2.    For pre-judgment interest at the legal rate;

3.    For costs, expenses and attorneys' fees; and

4.    For such other and further relief as the Court may deem proper in the premises.

On the Seventh Claim for Relief:

1.    For restitution and disgorgement of profits in the amount of one hundred thousand dollars ($100,000.00) or more, according to proof;

2.    For injunctive relief as prayed for in the Fourth Claim for Relief above;

3.    For pre-judgment interest at the legal rate;

4.    For costs, expenses and attorneys' fees; and

5.    For such other and further relief as the Court may deem proper in the premises.

Dated: August 20, 2010          By:    /s/ _____
                                       Eric Witherspoon
                                       *Plaintiff in propria persona*

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Dated: August 20, 2010          By:    /s/ _____
                                       Eric Witherspoon
                                       *Plaintiff in propria persona*

COMPLAINT