IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC WITHERSPOON,

    Plaintiff(s),

vs.

CARLA GREEN, et al.,

    Defendant(s).

No. CV 10-3722 CW (MEJ)

**DISCOVERY ORDER RE: DOCKET NO. 67**

    Plaintiff initiated this lawsuit on August 20, 2010, asserting multiple claims arising from the rights he allegedly owns in a musical composition entitled "Issues." Dkt. No. 1. After an initial case management conference on March 29, 2011, the Honorable Claudia Wilken ordered that all fact discovery be completed by September 30. Dkt. No. 22. Judge Wilken reaffirmed this deadline at a subsequent case management conference on September 22. Dkt. No. 39.

    Now before the Court is a joint discovery dispute letter filed by Plaintiff and Defendants on January 26, 2012. Dkt. No. 67. The discovery dispute concerns the admissibility of Requests for Admission ("RFAs") that Plaintiff served on Defendants on November 14 and 15, 2011, six weeks after the fact discovery deadline.[1] Plaintiff claims that Defendants' former counsel did not object to the RFAs and demonstrated a "willingness to comply" with them, which effectively waives any

---

[1] The RFAs served on November 15 were identical to those served on November 14, except where Plaintiff added the case number to the cover page.

objections that Defendants now assert. Defendants argue that because the RFAs were not timely served, they were invalid, required no response, and cannot be admitted at trial.

Federal Rule of Civil Procedure ("FRCP") 36(a)(3) provides that a matter will be considered admitted if the party to whom the request for admission was directed does not respond. This, however, only applies where the discovery requests were timely served. Absent a stipulation between the parties, or leave from the Court, written discovery requests under FRCP 36 must be served at least 30 days before the discovery deadline so that the other party may respond within the discovery period. *Adobe Systems Inc. v. Christenson*, 2011 WL 1322529, at *2 (D. Nev. Apr. 5, 2011); *see also Miller v. Rufion*, 2010 WL 4137278, at *1 (E.D. Cal. Oct. 19, 2010) (denying pro se plaintiff's motion to compel responses to his discovery requests because the requests were not timely served). Civil Local Rule 37-3 further provides that discovery requests that call for responses after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause.

Here, there is no dispute that Plaintiff served the RFAs on Defendants six weeks after the discovery deadline, without leave from the Court or an agreement between the parties permitting discovery after the cut-off date. Because the untimely RFAs were unenforceable, Defendants' current and former counsel were under no obligation to respond to them. Consequently, Defendants' request that the Court find the RFAs inadmissible is GRANTED.

**IT IS SO ORDERED.**

Dated: February 9, 2012

MARIA-ELENA JAMES
United States Magistrate Judge

2