VERNON C. GOINS II (SBN 195461)
VERONICA H. GARCIA (SBN 215216)
GOINS & ASSOCIATES PLC
1330 Broadway, Suite 1530
Oakland, CA 94612
Telephone:     (510) 663-3700
Facsimile:     (510) 663-3710

Attorneys for Defendant
CARLA GREEN

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  burrow@caldwell-leslie.com
CRAIG H. BESSENGER, State Bar No. 245787
  bessenger@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for FONTANA DISTRIBUTION,
LLC, OSCAR JEROME JACKSON, JR. p/k/a
"PARIS," and GUERRILLA FUNK
RECORDINGS AND FILMWORKS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ERIC WITHERSPOON, professionally known as "DORIAN MOORE,"<br><br>Plaintiff,<br><br>v.<br><br>CARLA GREEN, an individual, et al.,<br><br>Defendants. | Case No. CV 10-3722 CW<br><br>**Joint Proposed Jury Instructions**<br><br>**Date:     March 19, 2012**<br>**Time:     8:30 a.m.**<br>**Crtrm.: 2 - 4th Floor**<br><br>Trial Date:          March 19, 2012 |

1.    PROPOSED INSTRUCTION NO. 1.  DUTY OF JURY ........................................ 5

2.    PROPOSED INSTRUCTION NO. 2.  DUTY OF JURY ........................................ 6

3.    PROPOSED INSTRUCTION NO. 3.  DUTY OF JURY ........................................ 7

4.    DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4.  CLAIMS AND DEFENSES (DISPUTED) ........................................................................................ 8

5.    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4.  CLAIMS AND DEFENSES (DISPUTED) ........................................................................................ 9

6.    PROPOSED JURY INSTRUCTION NO. 5.  BURDEN OF PROOF— PREPONDERANCE OF THE EVIDENCE ...................................................... 10

7.    PROPOSED JURY INSTRUCTION NO. 6.  TWO OR MORE PARTIES— DIFFERENT LEGAL RIGHTS ........................................................................ 11

8.    PROPOSED JURY INSTRUCTION NO. 7.  WHAT IS EVIDENCE ............................ 12

9.    PROPOSED JURY INSTRUCTION NO. 8.  WHAT IS NOT EVIDENCE .................... 13

10.   PROPOSED JURY INSTRUCTION NO. 9.  EVIDENCE FOR LIMITED PURPOSE .................................................................................................... 14

11.   PROPOSED JURY INSTRUCTION NO. 10.  DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................................... 15

12.   PROPOSED JURY INSTRUCTION NO. 11.  RULING ON OBJECTIONS .................. 16

13.   PROPOSED JURY INSTRUCTION NO. 12.  CREDIBILITY OF WITNESSES ............ 17

14.   PROPOSED JURY INSTRUCTION NO. 13.  CONDUCT OF THE JURY .................... 18

15.   PROPOSED JURY INSTRUCTION NO. 14.  NO TRANSCRIPT AVAILABLE TO JURY ...................................................................................................... 20

16.   PROPOSED JURY INSTRUCTION NO. 15.  TAKING NOTES ...................................... 21

17.   PROPOSED JURY INSTRUCTION NO. 16.  BENCH CONFERENCES AND RECESSES .................................................................................................. 22

18.   PROPOSED JURY INSTRUCTION NO. 17.  OUTLINE OF TRIAL .............................. 23

19.   PROPOSED JURY INSTRUCTION NO. 18.  STIPULATIONS OF FACT .................... 24

20.   PROPOSED JURY INSTRUCTION NO. 19.  JUDICIAL NOTICE ................................ 25

21.   PROPOSED JURY INSTRUCTION NO. 20.  DEPOSITION IN LIEU OF LIVE TESTIMONY .............................................................................................. 26

22.   PROPOSED JURY INSTRUCTION NO. 21.  IMPEACHMENT EVIDENCE— WITNESS ................................................................................................... 27

23.    PROPOSED JURY INSTRUCTION NO. 22.  USE OF INTERROGATORIES OF A PARTY .................................................................................................. 28

24.    PROPOSED JURY INSTRUCTION NO. 23.  DUTY TO DELIBERATE ....................... 29

25.    PROPOSED JURY INSTRUCTION NO. 24.  COMMUNICATION WITH COURT ............................................................................................................. 30

26.    PROPOSED JURY INSTRUCTION NO. 25.  RETURN OF VERDICT ........................... 31

27.    PROPOSED JURY INSTRUCTION NO. 26.  ADDITIONAL INSTRUCTIONS OF LAW ............................................................................................................. 32

28.    PROPOSED JURY INSTRUCTION NO. 27.  CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT .......................................................... 33

29.    PROPOSED INSTRUCTION NO. 28.  LIABILITY OF CORPORATIONS— SCOPE OF AUTHORITY NOT IN ISSUE .......................................................... 34

30.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 29.  AGENT AND PRINCIPAL—DEFINITION (DISPUTED) ....................................................... 35

31.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 29(a).  AGENT—SCOPE OF AUTHORITY DEFINED (DISPUTED) ................................................................ 36

32.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 29(b).  ACT OF AGENT IS ACT OF PRINCIPAL — SCOPE OF AUTHORITY NOT IN ISSUE (DISPUTED) ....... 37

33.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 29(c).  BOTH PRINCIPAL AND AGENT SUED — NO ISSUE AS TO AGENCY OR AUTHORITY (DISPUTED) ................................................................................................... 38

34.    PROPOSED INSTRUCTION NO. 30.  INDEPENDENT CONTRACTOR— DEFINITION ................................................................................................... 39

35.    PROPOSED JURY INSTRUCTION NO. 31.  DAMAGES—PROOF .............................. 40

36.    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32.  PUNITIVE DAMAGES (DISPUTED) ....................................................................................... 41

37.    DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 33.  PRELIMINARY INSTRUCTION—COPYRIGHT (DISPUTED) ...................................................... 43

38.    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33.  PRELIMINARY INSTRUCTION—COPYRIGHT (DISPUTED) ...................................................... 46

39.    PROPOSED JURY INSTRUCTION NO. 34.  COPYRIGHT—DEFINED ...................... 49

40.    PROPOSED JURY INSTRUCTION NO. 35.  COPYRIGHT—SUBJECT MATTER—GENERALLY ................................................................................ 50

41.    PROPOSED JURY INSTRUCTION NO. 36.  COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION ............................................................. 51

42. PROPOSED JURY INSTRUCTION NO. 37.  COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING .................................................. 52

43. DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38.  COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION (DISPUTED) ......................................... 53

44. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38.  COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION (DISPUTED) ......................................... 54

45. PROPOSED JURY INSTRUCTION NO. 39.  COPYRIGHT INTERESTS—AUTHORSHIP ................................................. 55

46. DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40.  CO-AUTHORSHIP (DISPUTED) .................................................. 56

47. DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41.  COPYRIGHT INTERESTS—IMPLIED LICENSE (DISPUTED) .................................... 57

48. DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42.  COPYRIGHT INTERESTS—GRANTING OF NON-EXCLUSIVE LICENSE (DISPUTED) ................ 58

49. PROPOSED JURY INSTRUCTION NO. 43.  COPYRIGHT—DAMAGES ................... 59

50. PROPOSED JURY INSTRUCTION NO. 44.  COPYRIGHT—DAMAGES—ACTUAL DAMAGES ................................................. 60

51. PROPOSED JURY INSTRUCTION NO. 45.  COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS ................................................. 61

52. PROPOSED JURY INSTRUCTION NO. 46.  COPYRIGHT DAMAGES—STATUTORY DAMAGES ................................................. 62

53. PROPOSED JURY INSTRUCTION NO. 47.  COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT ................................................. 63

54. PROPOSED JURY INSTRUCTION NO. 48.  COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT ................................................. 64

55. PROPOSED JURY INSTRUCTION NO. 49.  BREACH OF CONTRACT—INTRODUCTION ................................................. 65

56. PROPOSED JURY INSTRUCTION NO. 50.  CONTRACT FORMATION—ESSENTIAL FACTUAL ELEMENTS (DISPUTED) ............................... 66

57. PROPOSED JURY INSTRUCTION NO. 51.  BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS ................................................. 67

58. PROPOSED JURY INSTRUCTION NO. 52.  ORAL OR WRITTEN CONTRACT TERMS ................................................. 68

59. PROPOSED JURY INSTRUCTION NO. 53.  IMPLIED-IN-FACT CONTRACT (DISPUTED) ................................................. 69

60. PROPOSED JURY INSTRUCTION NO. 54.  UNFORMALIZED AGREEMENT (DISPUTED) ................................................................................... 70

61. PROPOSED JURY INSTRUCTION NO. 55.  CONTRACT FORMATION— OFFER (DISPUTED) ......................................................................... 71

62. PROPOSED JURY INSTRUCTION NO. 56.  CONTRACT FORMATION— REVOCATION OF OFFER (DISPUTED) .......................................... 72

63. PROPOSED JURY INSTRUCTION NO. 57.  CONTRACT FORMATION— ACCEPTANCE (DISPUTED) .................................................... 73

64. PROPOSED JURY INSTRUCTION NO. 58.  INTRODUCTION TO CONTRACT DAMAGES .................................................................... 74

65. PROPOSED JURY INSTRUCTION NO. 59.  LOSS OF PROFITS—NO PROFITS EARNED .................................................................... 75

66. PROPOSED JURY INSTRUCTION NO. 60.  FALSE PROMISE .................. 76

67. PROPOSED JURY INSTRUCTION NO. 61.  INTENTIONAL MISREPRESENTATION .................................................................. 77

68. PROPOSED JURY INSTRUCTION NO. 62.  RELIANCE .............................. 78

69. PROPOSED JURY INSTRUCTION NO. 63.  REASONABLE RELIANCE ................... 79

70. PROPOSED JURY INSTRUCTION NO. 64.  DAMAGES—"OUT OF POCKET" RULE ............................................................................. 80

71. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 65.  AN ACCOUNTING (DISPUTED) ......................................................................... 81

1.      PROPOSED INSTRUCTION NO. 1.  DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Authority</u>

Ninth Circuit Instruction 1.1A

CALDWELL
LESLIE &
PROCTOR

2.      PROPOSED INSTRUCTION NO. 2.  DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Authority</u>

Ninth Circuit Instruction 1.1B.

3.        PROPOSED INSTRUCTION NO. 3.  DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys and the plaintiff, Mr. Witherspoon, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Authority</u>

Adapted from Ninth Circuit Instruction 1.1C.

4.     DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4.  CLAIMS AND DEFENSES (<u>DISPUTED</u>)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that the defendants infringed plaintiff's copyright in the chorus of a song entitled "Issues," which appeared on an album entitled "The Nutcracker Suite" released by The Conscious Daughters.  The plaintiff is seeking an accounting of the sales of "The Nutcracker Suite," and is seeking to prevent the further production, sale, and distribution of the album.  The plaintiff also claims that defendant Green – one member of the The Conscious Daughters – defrauded the plaintiff by representing to him that he would be compensated for his contribution of the chorus to the song "Issues."  As an alternative theory, the plaintiff claims that the defendants breached an implied contract with the plaintiff.  Finally, the plaintiff claims that defendant Oscar Jerome Jackson, Jr., p/k/a "Paris," is liable to the plaintiff for violating California Business & Professions Code section 17200, which prohibits unlawful, unfair, or fraudulent business practices.  The plaintiff has the burden of proving these claims.

The defendants deny those claims and also contend that plaintiff cannot state a claim for copyright infringement because the song "Issues" – which includes the chorus contributed by the plaintiff – is a joint work co-authored by the defendants and plaintiff.  Further, plaintiff consented to the use of the copyright at issue by granting the defendants an implied license.  Finally, plaintiff failed to obtain a valid copyright registration.  The defendants have the burden of proof on these affirmative defenses.

<u>Authority</u>

Adapted from Ninth Circuit Instruction No. 1.2.

5.     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4.   CLAIMS AND DEFENSES (<u>DISPUTED</u>)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff claims authorship of the chorus and that the defendants infringed plaintiff's copyright by its use of the chorus in a song entitled "Issues," which appeared on an album entitled "The Nutcracker Suite" released by The Conscious Daughters. Plaintiff is seeking an accounting of the sales of "The Nutcracker Suite," and is seeking to prevent the further production, sale, and distribution of the album. The plaintiff also claims that defendant Green who was a member of The Conscious Daughters – defrauded the plaintiff by not negotiating the use for writing the lyrics, composing the melody and performing the chorus to the song "Issues." The plaintiff also claims that the defendants breached an implied contract with the plaintiff. Finally, the plaintiff claims that defendant Oscar Jerome Jackson, Jr., p/k/a "Paris," is liable to the plaintiff for violating California Business & Professions Code section 17200, which prohibits unlawful, unfair, or fraudulent business practices. The plaintiff has the burden of proving these claims.

The defendants deny all claims and contend that the plaintiff cannot state a claim for copyright infringement because the song "Issues" – which includes the chorus written by the plaintiff, is a joint work co-authored by the defendants and plaintiff. Further, defendants allege plaintiff consented to the use of the copyright at issue by granting the defendants an implied license. Finally, defendants allege plaintiff failed to obtain a valid copyright registration. The defendants have the burden of proof on these affirmative defenses.

<u>Authority</u>

Adapted from Ninth Circuit Instruction No. 1.2.

6.       PROPOSED JURY INSTRUCTION NO. 5.  BURDEN OF PROOF—
PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

<u>Authority</u>

Adapted from Ninth Circuit Instruction No. 1.3.

7.      PROPOSED JURY INSTRUCTION NO. 6.  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

<u>Authority</u>

Adapted from Ninth Circuit Instruction No. 1.5.

8.     PROPOSED JURY INSTRUCTION NO. 7.  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

Authority

Ninth Circuit Jury Instruction No. 1.6.

9.        PROPOSED JURY INSTRUCTION NO. 8.  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 1.7.

10.     PROPOSED JURY INSTRUCTION NO. 9.  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]

<u>Authority</u>

Ninth Circuit Jury Instruction No. 1.8.

CALDWELL
LESLIE &
PROCTOR

11.     PROPOSED JURY INSTRUCTION NO. 10.  DIRECT AND CIRCUMSTANTIAL
        EVIDENCE

        Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

testimony by a witness about what that witness personally saw or heard or did. Circumstantial

evidence is proof of one or more facts from which you could find another fact. You should

consider both kinds of evidence. The law makes no distinction between the weight to be given to

either direct or circumstantial evidence. It is for you to decide how much weight to give to any

evidence.

        Authority

        Ninth Circuit Jury Instruction No. 1.9.

12.     PROPOSED JURY INSTRUCTION NO. 11.  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority

Ninth Circuit Jury Instruction No. 1.10.

13.     PROPOSED JURY INSTRUCTION NO. 12.  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 1.11.

14.      PROPOSED JURY INSTRUCTION NO. 13.  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

<u>Authority</u>

Adapted from Ninth Circuit Jury Instruction No. 1.12.

15.    PROPOSED JURY INSTRUCTION NO. 14.  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 1.13.

16.      PROPOSED JURY INSTRUCTION NO. 15.  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority

Ninth Circuit Jury Instruction No. 1.14.

17.     PROPOSED JURY INSTRUCTION NO. 16.  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 1.18.

18.     PROPOSED JURY INSTRUCTION NO. 17.  OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority

Ninth Circuit Jury Instruction No. 1.19.

1  19.    PROPOSED JURY INSTRUCTION NO. 18.  STIPULATIONS OF FACT

2         The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will

3  be read to you]. You should therefore treat these facts as having been proved.

4         Authority

5         Ninth Circuit Jury Instruction No. 2.2.

20.    PROPOSED JURY INSTRUCTION NO. 19.  JUDICIAL NOTICE

The court has decided to accept as proved the fact that [state fact], even though no evidence has been introduced on the subject. You must accept this fact as true.

Authority

Ninth Circuit Jury Instruction No. 2.3.

CALDWELL
LESLIE &
PROCTOR

21.   PROPOSED JURY INSTRUCTION NO. 20.  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [witness] was taken on [date]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority

Adapted from Ninth Circuit Jury Instruction No. 2.4.

22.     PROPOSED JURY INSTRUCTION NO. 21.  IMPEACHMENT EVIDENCE—
        WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 2.8.

23.    PROPOSED JURY INSTRUCTION NO. 22.  USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 2.10.

24.     PROPOSED JURY INSTRUCTION NO. 23.  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 3.1.

25.     PROPOSED JURY INSTRUCTION NO. 24.  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority

Ninth Circuit Jury Instruction No. 3.2.

26.     PROPOSED JURY INSTRUCTION NO. 25.  RETURN OF VERDICT

Verdict forms have been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority

Adapted from Ninth Circuit Jury Instruction No. 3.3.

27.     PROPOSED JURY INSTRUCTION NO. 26.  ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

Authority

Ninth Circuit Jury Instruction No. 3.4.

28. PROPOSED JURY INSTRUCTION NO. 27. CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

<u>Authority</u>

Adapted from Ninth Circuit Jury Instruction No. 4.1.

29.     PROPOSED INSTRUCTION NO. 28.  LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Authority

Ninth Circuit Jury Instruction No. 4.2.

CALDWELL
LESLIE &
PROCTOR

30.     PLAINTIFF'S PROPOSED INSTRUCTION NO. 29.  AGENT AND PRINCIPAL—
        DEFINITION (<u>DISPUTED</u>)

        An agent is a person who performs services for another person under an express or implied

agreement and who is subject to the other's control or right to control the manner and means of

performing the services. The other person is called a principal. [One may be an agent without

receiving compensation for services.] [The agency agreement may be oral or written.]

<u>Authority</u>

Ninth Circuit Jury Instruction No. 4.4.


<u>Defendants' Argument</u>

        Agency instructions are not warranted here.  To the extent there is a basis for agency

instructions, Defendants would request that Ninth Circuit Jury Instruction No. 4.9 (Both Principal

and Agent Sued – Agency or Authority Denied) be used.

31.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 29(a).  AGENT—SCOPE OF
       AUTHORITY DEFINED (<u>DISPUTED</u>)

       An agent is acting within the scope of authority if the agent is engaged in the performance
of duties which were expressly or impliedly assigned to the agent by the principal.

       <u>Authority</u>

       Ninth Circuit Jury Instruction No. 4.5.


       <u>Defendants' Argument</u>

       Agency instructions are not warranted here.  To the extent there is a basis for agency
instructions, Defendants would request that Ninth Circuit Jury Instruction No. 4.9 (Both Principal
and Agent Sued – Agency or Authority Denied) be used.

32.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 29(b).  ACT OF AGENT IS ACT OF PRINCIPAL — SCOPE OF AUTHORITY NOT IN ISSUE (<u>DISPUTED</u>)

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 4.6.


<u>Defendants' Argument</u>

Agency instructions are not warranted here.  To the extent there is a basis for agency instructions, Defendants would request that Ninth Circuit Jury Instruction No. 4.9 (Both Principal and Agent Sued – Agency or Authority Denied) be used.

CALDWELL
LESLIE &
PROCTOR

33.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 29(c).  BOTH PRINCIPAL AND
       AGENT SUED — NO ISSUE AS TO AGENCY OR AUTHORITY (<u>DISPUTED</u>)

The defendants are sued as principal and agent. The defendant Fontana is the principal and the defendant Jackson is the agent. If you find against Jackson, then you must also find against Fontana. However, if you find for Jackson, then you must also find for Fontana.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 4.7.


<u>Defendants' Argument</u>

Agency instructions are not warranted here.  To the extent there is a basis for agency instructions, Defendants would request that Ninth Circuit Jury Instruction No. 4.9 (Both Principal and Agent Sued – Agency or Authority Denied) be used.

34.     PROPOSED INSTRUCTION NO. 30.  INDEPENDENT CONTRACTOR—
        DEFINITION

        An independent contractor is a person who performs services for another person under an

express or implied agreement and who is not subject to the other's control, or right to control, the

manner and means of performing the services.

        One who engages an independent contractor is not liable to others for the acts or omissions

of the independent contractor.

        <u>Authority</u>

        Ninth Circuit Jury Instruction No. 4.11.

1    35.    PROPOSED JURY INSTRUCTION NO. 31.  DAMAGES—PROOF

2         It is the duty of the Court to instruct you about the measure of damages. By instructing you

3    on damages, the Court does not mean to suggest for which party your verdict should be rendered.

4         If you find for the plaintiff on the plaintiff's claims for copyright infringement, fraud, or

5    breach of contract, you must determine the plaintiff's damages. The plaintiff has the burden of

6    proving damages by a preponderance of the evidence. Damages means the amount of money that

7    will reasonably and fairly compensate the plaintiff for any injury you may find was caused by the

8    defendants.

9         It is for you to determine what damages, if any, have been proved.

10        Your award must be based upon evidence and not upon speculation, guesswork or

11   conjecture.

12        <u>Authority</u>

13        Adapted from Ninth Circuit Jury Instruction No. 5.1.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

36.     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32. PUNITIVE  DAMAGES (<u>DISPUTED</u>)

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

1    [Punitive damages may not be awarded against _____.] [You may impose punitive
2  damages against one or more of the defendants and not others, and may award different amounts
3  against different defendants.] [Punitive damages may be awarded even if you award plaintiff only
4  nominal, and not compensatory, damages.]

5    <u>Authority</u>
6    Adapted from Ninth Circuit Jury Instruction No. 5.5.

7

8    <u>Defendants' Argument</u>
9    As explained in the relevant motions *in limine* and Defendants' trial memorandum,
10  Plaintiff is not entitled to punitive damages on any of his claims.

37.    DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 33.  PRELIMINARY INSTRUCTION—COPYRIGHT (<u>DISPUTED</u>)

The plaintiff, Eric Witherspoon, claims ownership of a copyright in the chorus to the song "Issues" and seeks damages against the defendants, Carla Green, Karryl Smith, Oscar Jerome Jackson, Jr., Fontana Distribution, and Guerrilla Funk Recordings and Filmworks, for copyright infringement. The defendants deny infringing any copyright and contend that the plaintiff was a co-author in a joint work, that the plaintiff granted the defendants an implied license for the use of the copyright at issue, and that the plaintiff failed to obtain a valid copyright registration. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

COPYRIGHT INTERESTS

One who owns a copyright may agree to let another reproduce, prepare a derivative work of, distribute, perform, or display the copyrighted work.  This agreement may be verbal, or it may be implied through a party's actions.  The person to whom this right is transferred is called a

1  licensee.  A licensee may use the copyrighted work to the extent of the rights granted in the

2  license.

3  HOW COPYRIGHT IS OBTAINED

4  Copyright automatically exists in a work the moment it is fixed in any tangible medium of

5  expression. The owner of the copyright may register the copyright by delivering to the Copyright

6  Office of the Library of Congress a copy of the copyrighted work. After examination and a

7  determination that the material deposited constitutes copyrightable subject matter and that legal

8  and formal requirements are satisfied, the Register of Copyrights registers the work and issues a

9  certificate of registration to the copyright owner. If the owner of a copyright fails to register the

10  copyright, the owner cannot bring a copyright infringement action.

11  PLAINTIFF'S BURDEN OF PROOF

12  In this case, the plaintiff contends that the defendants Carla Green, Karryl Smith, Oscar

13  Jerome Jackson, Jr., Fontana Distribution, and Guerrilla Funk Recordings and Filmworks, have

14  infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of

15  the evidence that the plaintiff is the owner of the copyright and that the defendant copied original

16  elements of the copyrighted work. Preponderance of the evidence means that you must be

17  persuaded by the evidence that it is more probably true than not true that the copyrighted work

18  was infringed.

19  LIABILITY FOR INFRINGEMENT

20  One who reproduces or distributes a copyrighted work without authority from the

21  copyright owner during the term of the copyright, infringes the copyright.

22  DEFENSES TO INFRINGEMENT

23  The defendants contend that there is no copyright infringement. There is no copyright

24  infringement where the defendants are co-authors of a work or are licensees entitled to use the

25  copyright in question.

26  <u>Authority</u>

27  Adapted from Ninth Circuit Jury Instruction 17.0; *Oddo v. Ries*, 743 F.2d 630, 632-33 (9th

28  Cir. 1984); *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 969 (9th Cir. 2008);

*Effects Associates, Inc. v. Cohen*, 907 F.2d 555, 558-59 (9th Cir. 1990); *Asset Marketing Syst, Inc. v. Gagnon*, 542 F.3d 748, 754-57 (9th Cir. 2008); *Reed Elsevier, Inc. v. Muchnick*, --- U.S. ---, 130 S.Ct. 1237, 1241-42 (2010).

38.    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33.  PRELIMINARY
        INSTRUCTION—COPYRIGHT (<u>DISPUTED</u>)

The plaintiff, Eric Witherspoon, claims ownership of the copyright to the chorus in the song "Issues" and seeks damages against the defendants, Carla Green, Oscar Jerome Jackson, Jr., Fontana Distribution, and Guerrilla Funk Recordings and Filmworks, for copyright infringement. The chorus is the part of the song that's repeated the most, usually far more often than any other part, and it's always the most memorable part of a song. A strong chorus can be used in various remixes, and often in rap songs, a chorus from a separate composition is used. For example, "I'll Be Missing You" by P Diddy uses Sting's "Every Step You Take, 2pac's "Changes" uses Bruce Hornsby's "The Way It Is" and Jay Z's "Hard Knock Life" uses "It's A Hard Knock Life" from Annie. The plaintiff asserts his authorship is an original work that could be used in other works. The defendants did not receive a license for its use. The defendants deny infringing on plaintiff's copyright and contend that the plaintiff was a co-author in a joint work, that the plaintiff granted the defendants an implied license for the use of the copyright at issue, and that the plaintiff failed to obtain a valid copyright registration. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

COPYRIGHT INTERESTS

One who owns a copyright may agree to let another reproduce, prepare a derivative work of, distribute, perform, or display the copyrighted work. This agreement may be verbal, or it may be implied through a party's actions. The person to whom this right is transferred is called a licensee. A licensee may use the copyrighted work to the extent of the rights granted in the license.

HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. If the owner of a copyright fails to register the copyright, the owner cannot bring a copyright infringement action.

PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff contends that the defendants Carla Green, Oscar Jerome Jackson, Jr., Fontana Distribution, and Guerrilla Funk Recordings and Filmworks, have infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

LIABILITY FOR INFRINGEMENT

One who reproduces or distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

CALDWELL
LESLIE &
PROCTOR

1   DEFENSES TO INFRINGEMENT

2      The defendants contend that there is no copyright infringement. There is no copyright

3   infringement where the defendants are co-authors of a work or are licensees entitled to use the

4   copyright in question.

5      Authority

6      Adapted from Ninth Circuit Jury Instruction 17.0; Oddo v. Ries, 743 F.2d 630, 632-33 (9th

7   Cir. 1984); Richlin v. Metro-Goldwyn-Mayer Pictures, Inc., 531 F.3d 962, 969 (9th Cir. 2008);

8   Effects Associates, Inc. v. Cohen, 907 F.2d 555, 558-59 (9th Cir. 1990); Asset Marketing Syst,

9   Inc. v. Gagnon, 542 F.3d 748, 754-57 (9th Cir. 2008); Reed Elsevier, Inc. v. Muchnick, --- U.S. ---

10   , 130 S.Ct. 1237, 1241-42 (2010).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

39.     PROPOSED JURY INSTRUCTION NO. 34.  COPYRIGHT—DEFINED

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work; and

(2) distribute copies of the copyrighted work to the public by sale or other transfer of ownership.

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes the author of the work. In general, copyright law protects against production and distribution of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

<u>Authority</u>

Adapted from Ninth Circuit Jury Instruction No. 17.1.

40.    PROPOSED JURY INSTRUCTION NO. 35.  COPYRIGHT—SUBJECT MATTER—
GENERALLY

The work involved in this trial is known as a musical composition.

You are instructed that a copyright may be obtained in a musical composition.  Here, that musical composition consists of the music and lyrics to the chorus of "Issues."

[These work[s] can be protected by the copyright law. Only that part of the work[s] comprised of original works of authorship [fixed] [produced] in any tangible [medium] [form] of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.]

[Copyright protection for an original work of authorship does not extend to any [idea] [procedure] [process] [system] [method of operation] [concept] [principle] [discovery], regardless of the form in which it is described, explained, illustrated, or embodied.

Authority

Adapted from Ninth Circuit Jury Instruction No. 17.2.

CALDWELL
LESLIE &
PROCTOR

41.     PROPOSED JURY INSTRUCTION NO. 36.  COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular [way of expressing] [expression of] an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. [In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection, because ideas cannot be copyrighted].

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular [way of expressing] [expression of] that idea in the work is not copied.

Authority

Adapted from Ninth Circuit Jury Instruction No. 17.3.

42.     PROPOSED JURY INSTRUCTION NO. 37.  COPYRIGHT INFRINGEMENT—
        ELEMENTS—OWNERSHIP AND COPYING

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1. the plaintiff is the owner of a valid copyright; and

2. the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendants.

Authority

Ninth Circuit Jury Instruction No. 17.4.

43.     DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38.  COPYRIGHT
        INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION
        (DISPUTED)

The plaintiff is the owner of a valid copyright in the chorus to "Issues" if the plaintiff

proves by a preponderance of the evidence that:

        1. the plaintiff's work is original; and

        2. the plaintiff is the author or creator of the work.

        Authority

Adapted from Ninth Circuit Jury Instruction No. 17.5.

44.     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38.  COPYRIGHT
        INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION
        (<u>DISPUTED</u>)

The plaintiff is the owner of a valid copyright in the chorus to "Issues" if the plaintiff

proves by a preponderance of the evidence that:

        1. the plaintiff's work is original; and

        2. the plaintiff is the author or creator of the work.

A copyright registration certificate can shift the burden of coming forward with proof of

plaintiff's ownership of a valid copyright. The certificate constitutes prima facie evidence of the

validity of the copyright and facts stated in the certificate.

<u>Authority</u>

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144–45 (9th Cir.2003).

Adapted from Ninth Circuit Jury Instruction No. 17.5.


<u>Defendants' Argument</u>

This is not an accurate statement of the law.

45.     PROPOSED JURY INSTRUCTION NO. 39.  COPYRIGHT INTERESTS—
        AUTHORSHIP

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work. Merely giving an idea to another does not make the giver an author of a work embodying that idea.

Authority

Ninth Circuit Jury Instruction No. 17.6.

"The question of authorship of a copyrighted work is a question of fact for the jury." *See Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 980 (9th Cir.1987).

46.     DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40.  CO-AUTHORSHIP (<u>DISPUTED</u>)

A co-author of a joint work cannot be liable to another co-author for copyright infringement of the joint work.  Co-authors of a joint work share an undivided interest in the entire joint work if, at the time of the joint work's creation: 1. each co-author made a substantial and valuable contribution to the work; 2. each co-author intended that their contributions be merged into inseparable or interdependent parts of a unitary whole; and 3. each co-author contributed material to the joint work which could have been independently copyrighted.

If you find that the plaintiff and the defendants are co-authors of the song "Issues," then you cannot find that defendants have infringed plaintiff's copyright in the music and lyrics to the chorus of "Issues."

<u>Authority</u>

*Oddo v. Ries*, 743 F.2d 630, 632-33 (9th Cir. 1984); *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 969 (9th Cir. 2008); 17 U.S.C. § 101.

47.     DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41.  COPYRIGHT
        INTERESTS—IMPLIED LICENSE (<u>DISPUTED</u>)

In this case, the defendants do not claim to have created the chorus of "Issues."  Instead, the defendants claim the right to use the chorus by virtue of a non-exclusive, implied license granted by the plaintiff.

A copyright owner may convey to another person a non-exclusive license in the copyright. A non-exclusive license may be granted orally, or be implied from conduct.  The person to whom this right is transferred is called a licensee.

A licensee is not liable for copyright infringement as long as the use of the copyright is within the scope of the license.

<u>Authority</u>

*Effects Associates, Inc. v. Cohen*, 907 F.2d 555, 558-59 (9th Cir. 1990); *Asset Marketing Syst., Inc. v. Gagnon*, 542 F.3d 748, 754-57 (9th Cir. 2008).

48.     DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42.  COPYRIGHT
        INTERESTS—GRANTING OF NON-EXCLUSIVE LICENSE (<u>DISPUTED</u>)

        An non-exclusive license may be implied by conduct when (1) a person (licensee) requests

the creation of a work; (2) the creator (the licensor) makes that particular work and delivers it to

the licensee who requested it; and (3) the licensor intends that the licensee copy and distribute his

work.  The relevant intent is the licensor's objective intent at the time of the creation and delivery

of the work, as manifested by the parties' conduct.

        <u>Authority</u>

        *Asset Marketing Syst, Inc. v. Gagnon*, 542 F.3d 748, 754-57 (9th Cir. 2008).

1   49.    PROPOSED JURY INSTRUCTION NO. 43.  COPYRIGHT—DAMAGES

2        If you find for the plaintiff on the plaintiff's copyright infringement claim, you must

3   determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered

4   as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the

5   defendant attributable to the infringement. The plaintiff must prove damages by a preponderance

6   of the evidence.

7        Authority

8        Ninth Circuit Jury Instruction 17.22.

50.     PROPOSED JURY INSTRUCTION NO. 44.  COPYRIGHT—DAMAGES—ACTUAL DAMAGES

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

Authority

Ninth Circuit Jury Instruction No. 17.23.

51.     PROPOSED JURY INSTRUCTION NO. 45.  COPYRIGHT—DAMAGES—
        DEFENDANTS' PROFITS

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendants' profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The defendant's profit is determined by subtracting all expenses from the defendants' gross revenue.

The defendants' gross revenue is all of the defendants' receipts from the sale of a work containing or using the copyrighted work. The plaintiff has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs and production costs incurred in producing the defendants' gross revenue. The defendant has the burden of proving the defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

Authority

Adapted from Ninth Circuit Jury Instruction No. 17.24.

52.     PROPOSED JURY INSTRUCTION NO. 46.  COPYRIGHT DAMAGES—STATUTORY DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for the work infringed. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instruction[s] [insert number of pertinent instruction, e.g., Instruction 17.26 (Innocent Infringement), Instruction 17.27 (Willful Infringement)] will tell you [what constitutes innocent infringement] [and] [what constitutes willful infringement]].

<u>Authority</u>

Adapted from Ninth Circuit Jury Instruction No. 17.25.

53.     PROPOSED JURY INSTRUCTION NO. 47.  COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that [his] [her] [its] acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that [his] [her] [its] acts constituted an infringement of the copyright.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 17.26.

54.     PROPOSED JURY INSTRUCTION NO. 48.  COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendant engaged in acts that infringed the copyright; and

2. the defendant knew that those acts infringed the copyright.

<u>Authority</u>

Ninth Circuit Jury Instruction No. 17.27.

55.   PROPOSED JURY INSTRUCTION NO. 49.  BREACH OF CONTRACT—
      INTRODUCTION

Plaintiff claims that he and defendants entered into a contract for use of plaintiff's chorus (lyric, melody and vocal performance). Plaintiff claims that defendants breached this contract by not acquiring a license for use. Plaintiff also claims that defendants' breach of this contract caused harm to plaintiff for which defendants' should pay.

Defendants' deny all claims.

Defendants' also claim plaintiff granted the defendants an implied license.

<u>Authority</u>

CACI No. 300.

CALDWELL
LESLIE &
PROCTOR

56.     PROPOSED JURY INSTRUCTION NO. 50.  CONTRACT FORMATION—
        ESSENTIAL FACTUAL ELEMENTS (DISPUTED)

Plaintiff claims that the parties entered into a contract.  To prove that a contract was created, plaintiff must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do; 2. That the parties agreed to give each other something of value; and 3. That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If plaintiff did not prove all of the above, then a contract was not created.

<u>Authority</u>

CACI No. 302.

57.     PROPOSED JURY INSTRUCTION NO. 51.  BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS

To recover damages from defendants for breach of contract, plaintiff must prove all of the following:

1. That plaintiff and defendants entered into a contract; 2. That plaintiff did all, or substantially all, of the significant things that the contract required him to do or that he was excused from doing those things; 3. That all conditions required by the contract for defendants' performance had occurred or were excused; 4. That defendants failed to do something that the contract required them to do; and/or 4. That defendants did something that the contract prohibited them from doing; and 5. That plaintiff was harmed by that failure.

Authority

CACI No. 303.

CALDWELL
LESLIE &
PROCTOR

58.     PROPOSED JURY INSTRUCTION NO. 52.  ORAL OR WRITTEN CONTRACT TERMS

Contracts may be written or oral. Contracts may be partly written and partly oral. Oral contracts are just as valid as written contracts.

Authority:

CACI No. 304.

59.     PROPOSED JURY INSTRUCTION NO. 53.  IMPLIED-IN-FACT CONTRACT
(DISPUTED)

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

Authority

CACI No. 305.

1    60.    PROPOSED JURY INSTRUCTION NO. 54.  UNFORMALIZED AGREEMENT
            (DISPUTED)

            Defendants contend that the parties did not enter into a contract because the agreement was

never written and signed. To overcome this contention, plaintiff must prove both of the following:

1. That the parties understood and agreed to the terms of the agreement; and 2. That the parties

agreed to be bound without a written agreement or before a written agreement was prepared.

            Authority

            CACI No. 306.

61.   PROPOSED JURY INSTRUCTION NO. 55.  CONTRACT FORMATION—OFFER (DISPUTED)

Both an offer and an acceptance are required to create a contract. defendants contends that a contract was not created because there was never any offer. To overcome this contention, plaintiff must prove all of the following: 1. That plaintiff communicated to defendants that he was willing to enter into a contract with defendants; 2. That the communication contained specific terms; and 3. That, based on the communication, defendants could have reasonably concluded that a contract with these terms would result if he accepted the offer.

If plaintiff did not prove all of the above, then a contract was not created.

<u>Authority</u>

CACI No. 307.

CALDWELL
LESLIE &
PROCTOR

62.   PROPOSED JURY INSTRUCTION NO. 56.  CONTRACT FORMATION—
      REVOCATION OF OFFER (DISPUTED)

Both an offer and an acceptance are required to create a contract.

Defendants contend that the offer was withdrawn before it was accepted. To overcome this contention, plaintiff must prove one of the following: 1. That defendants did not withdraw the offer; or 2. That plaintiff accepted the offer before defendants withdrew it; or 3. That defendants' withdrawal of the offer was never communicated to plaintiff.

If plaintiff did not prove any of the above, then a contract was not created.

Authority

CACI No. 308.

63.    PROPOSED JURY INSTRUCTION NO. 57.  CONTRACT FORMATION—
ACCEPTANCE (DISPUTED)

Both an offer and an acceptance are required to create a contract. Defendants contend that

a contract was not created because the offer was never accepted. To overcome this contention,

plaintiff must prove both of the following: 1. That defendants agreed to be bound by the terms of

the offer. If defendants agreed to be bound only on certain conditions, or if they introduced a new

term into the bargain, then there was no acceptance; and 2. That defendants communicated their

agreement to plaintiff.

If plaintiff did not prove both of the above, then a contract was not created.

Authority

CACI No. 309.

64.     PROPOSED JURY INSTRUCTION NO. 58.  INTRODUCTION TO CONTRACT
DAMAGES

If you decide that plaintiff has proved his claim against defendants for breach of contract, you also must decide how much money will reasonably compensate plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put plaintiff in as good a position as he would have been if defendants had performed as promised.

To recover damages for any harm, plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiff also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Plaintiff claims damages for an amount to be proven at trial.

Authority

CACI No. 350.

65.    PROPOSED JURY INSTRUCTION NO. 59.  LOSS OF PROFITS—NO PROFITS
EARNED

To recover damages for lost profits, plaintiff must prove that it is reasonably certain he

would have earned profits but for defendants' breach of the contract.

To decide the amount of damages for lost profits, you must determine the gross, or total,

amount plaintiff would have received if the contract had been performed and then subtract from

that amount the costs [including the value of the [labor/materials/rents/expenses/interest on loans

invested in the business]] plaintiff would have had if the contract had been performed.

You do not have to calculate the amount of the lost profits with mathematical precision,

but there must be a reasonable basis for computing the loss.

Authority

CACI No. 352.

66.    PROPOSED JURY INSTRUCTION NO. 60.  FALSE PROMISE

Plaintiff claims he was harmed because defendant Green made a false promise. To establish this claim, plaintiff must prove all of the following:

1. That defendant Green made a promise to plaintiff; 2. That this promise was important to the transaction; 3. That defendant Green did not intend to perform this promise when she made it; 4. That defendant Green intended that plaintiff rely on this promise; 5. That plaintiff reasonably relied on defendant Green's promise; 6. That defendant Green did not perform the promised act; 7. That plaintiff was harmed; and 8. That plaintiff's reliance on defendant Green's promise was a substantial factor in causing his harm.

Authority

CACI No. 1902.

CALDWELL
LESLIE &
PROCTOR

67.     PROPOSED JURY INSTRUCTION NO. 61.  INTENTIONAL MISREPRESENTATION

Plaintiff claims that defendant Green made a false representation that harmed him. To establish this claim, plaintiff must prove all of the following:

1. That defendant Green represented to plaintiff that an important fact was true; 2. That defendant Green's representation was false; 3. That defendant Green knew that the representation was false when she made it, or that she made the representation recklessly and without regard for its truth; 4. That defendant Green intended that plaintiff rely on the representation; 5. That plaintiff reasonably relied on defendant Green's representation; 6. That plaintiff was harmed; and 7. That plaintiff's reliance on defendant Green's representation was a substantial factor in causing his harm.

<u>Authority</u>

CACI No. 1900.

1   68.   PROPOSED JURY INSTRUCTION NO. 62.  RELIANCE

2   Plaintiff relied on defendant Green's misrepresentation if it caused him to compose the

3   chorus (comprised of lyrics, melody, and vocal performance) to "Issues", and if he would

4   probably not have done so without such misrepresentation.

5   It is not necessary for a misrepresentation to be the only reason for plaintiff's conduct. It is

6   enough if a misrepresentation substantially influenced plaintiff's choice, even if it was not the only

7   reason for his conduct.

8   <u>Authority</u>

9   CACI No. 1907.

69.     PROPOSED JURY INSTRUCTION NO. 63.  REASONABLE RELIANCE

You must determine the reasonableness of plaintiff's reliance by taking into account his mental capacity, knowledge, and experience.

Authority

CACI No. 1908.

70.     PROPOSED JURY INSTRUCTION NO. 64.  DAMAGES—"OUT OF POCKET" RULE

If you decide that plaintiff has proved his claim against defendants, you also must decide how much money will reasonably compensate plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that defendants was a substantial factor in causing, even if the particular harm could not have been anticipated.

Plaintiff must prove the amount of his damages.

However, plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the fair market value of what plaintiff gave and subtract from that amount the fair market value of what he received.

"Fair market value" is the highest price that a willing buyer would have paid on the date of the transaction to a willing seller, assuming: 1. That there is no pressure on either one to buy or sell; and 2. That the buyer and seller know all the uses and purposes for which the chorus to "Issues" is reasonably capable of being used.

Plaintiff may also recover amounts that he reasonably spent in reliance on defendant Green's false representation or false promise if those amounts would not otherwise have been spent.

Authority

CACI No. 1923.

71.   PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 65.  AN ACCOUNTING
(DISPUTED)

Plaintiff claims he is owed an accounting of the profits realized from the sales of the

musical album containing the copyright at issue.  The duty to account arises where there is a

relationship between the parties or other circumstances that require an accounting in equity, and an

unknown balance is due that cannot be ascertained without an accounting. You may award an

accounting if Plaintiff proves by a preponderance of the evidence that:

1) a defendant misappropriated Plaintiff's property and used that property to create a

financial benefit in which that Plaintiff is entitled to share; and,

2) the amount of money due to the Plaintiff cannot be fully ascertained without an

accounting, the means of which are within the knowledge of the defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

<u>Authority</u>

Mathew Bender California Forms of Pleading and Practice, §7.12[1]; *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179-80 (Cal. Ct. App. 2009) (relationship necessary to claim for accounting may be formed where defendant possesses money or property it is obliged to surrender to plaintiff).

<u>Defendants' Argument</u>

An accounting is an equitable claim and is tried to the Court.  Thus, there is no need for a jury instruction.

Dated: February 22, 2012              GOINS & ASSOCIATES
                                      A Professional Law Corporation



                                      _____/s/_____
                                      VERNON C. GOINS II
                                      VERONICA H. GARCIA
                                      Attorneys for Defendant CARLA GREEN

Dated: February 22, 2012              CALDWELL LESLIE & PROCTOR, PC
                                      LINDA M. BURROW
                                      CRAIG H. BESSENGER



                                      _____/s/_____
                                      LINDA M. BURROW
                                      Attorneys for Guerrilla Funk Recordings
                                      and Filmworks LLC,  Fontana Distribution LLC,
                                      and Oscar Jerome Jackson, p/k/a Paris

CALDWELL
LESLIE &
PROCTOR