IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WITHERSPOON, professionally known as DORIAN MOOR, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>CARLA GREEN, an individual; KARRYL SMITH, an individual; CARLA GREEN and KARRYL SMITH, professionally known as THE CONSCIOUS DAUGHTERS; OSCAR JEROME JACKSON, JR., professionally known as PARIS, an individual; GUERRILLA FUNK RECORDINGS AND FILM WORKS, LLC, a California limited liability company; FONTANA DISTRIBUTION, LLC, a Delaware limited liability company; STEVEN ANDERSON, also known as STEVEN KING, an individual; and DOES 1 through 200, inclusive ,<br><br>          Defendants.<br>_____/ | No. C 10-3722 CW<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR EMERGENCY CASE MANAGEMENT CONFERENCE (Docket No. 68) |

Defendants Carla Green, Oscar Jackson, Guerilla Funk Recordings and Filmworks, LLC, and Fontana Distribution, LLC, submitted a request for an emergency case management conference. Docket No. 68.  Such requests must be made as a properly noticed administrative motion pursuant to this Court's Civil Local Rule 7-11, or a motion pursuant to Local Rule 7-2, accompanied by a motion to shorten time under Rule 6-3, if necessary.  Moving

parties are also required to serve by mail parties who are not registered for e-filing, such as Plaintiff in this action. General Order 45 IX.C(2).

Nevertheless, the Court considers Defendants' request because Plaintiff has responded, stating the reasons for his opposition to setting a case management conference.

Defendants seek a case management conference "to resolve potentially case-dispositive issues." Defendants contend that Plaintiff admitted in his February 3, 2012 deposition that he failed to obtain a valid copyright registration, and that he granted a license for the use of his alleged work. Accordingly, Defendants assert that the case should be dismissed. Thus, it appears that Defendants seek a case management conference to discuss amending the case management schedule to allow for a motion for summary judgment. Plaintiff denies that he made such admissions at his deposition and claims that Defendants have mischaracterized his testimony. None of the parties has submitted a copy of the transcript. Defendants submitted an addendum to their request for an emergency case management conference, but the submission does not include any excerpts from Plaintiff's deposition.

Defendants have waived their opportunity to submit case dispositive motions to resolve the matter, whereas Plaintiff has diligently prosecuted his case. Defendant Green did not answer the complaint until after the Court set aside entry of default against her on December 23, 2011. The Court reopened discovery for a limited purpose and rescheduled the five day jury trial that had been set to begin on January 30, 2012.

2

1 Defendants Oscar Jackson, Guerilla Funk Recordings and
2 Filmworks, LLC, and Fontana Distribution, LLC also waived their
3 opportunity to file a motion for summary judgment.  They were
4 represented by counsel at the March 29, 2011 case management
5 conference.  Based on that conference, the Court entered a case
6 management order providing that fact discovery would end on
7 September 30, 2011, and all case-dispositive motions would be
8 heard on September 22, 2011.  In addition, a further case
9 management conference was scheduled for September 22, 2011.
10 However, no case-dispositive motions were filed and Defendants did
11 not appear for the case management conference.  Accordingly, the
12 Court determined that the case would proceed with pretrial
13 preparations.  Docket No. 39.  Given that this trial has already
14 been rescheduled once before, and Defendants had the opportunity
15 previously to move for summary judgment, the Court declines to
16 delay the trial again and hold a case management conference.  At
17 the December 22, 2011 hearing on Defendant Green's motion to set
18 aside the entry of default against her, the Court recognized that
19 Plaintiff had prosecuted his case diligently, as compared to
20 Defendants, and indicated that it would not entertain late-filed
21 case dispositive motions from Defendants.

22 The other issues that Defendants have raised in their request
23 and the addendum to their request do not warrant scheduling an
24 emergency case management conference.  It acceptable for the
25 parties to meet for a settlement conference after the pre-trial
26 conference is held.  Furthermore, Judge James has since resolved
27 the outstanding discovery dispute regarding Plaintiff's request
28 for admissions.  The other discovery disputes related to

3

Plaintiff's deposition and his delay in exchanging his trial documents with Defendants do not warrant setting a new case management conference. The parties shall appear for their final pretrial conference on March 7, 2012 at 2:00 pm.

IT IS SO ORDERED.

Dated: 2/24/2012

CLAUDIA WILKEN
United States District Judge

4